# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT MERRITT,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-0781** |
| | : | |
| **RIMMER,** *et al.*, | : | |
|     **Defendants.** | : | |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                          **MARCH 18, 2020**

Plaintiff Robert Merritt, a prisoner currently incarcerated at the Northampton County Jail, brings a Complaint pursuant to 42 U.S.C. § 1983. Merritt seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Merritt leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice.

### I.    FACTUAL ALLEGATIONS AND LITIGATION HISTORY[1]

Merritt named the following Defendants in his Complaint: (1) Rimmer; (2) Coris; (3) Schnalzer; (4) County of Bethlehem (misspelled "Beltham"); and (5) the City of Bethlehem (misspelled "Beltham"). Defendants Rimmer, Coris, and Schnalzer all appear to be officers of the Bethlehem Police Department. Merritt also appears to be naming a John Doe supervisor or supervisors as Defendants. Merritt indicates that he is suing the Defendants in their individual and official capacities.

Merritt raises constitutional claims in connection with a May 20, 2018 incident when he was stopped without a warrant and detained for approximately thirty minutes by Officer Rimmer, apparently in connection with a broken mirror on Merritt's car. (ECF No. 1 at 15.) Merritt also

---

[1] The allegations are taken from Merritt's Complaint. Merritt's handwriting is difficult to read, so the Court has done its best to interpret his allegations.

alleges that he was sexually assaulted and harassed during the stop, but does not further elaborate. (*Id.* at 16.) He adds that he was discriminated against based on his race because he is black and the Defendants are Caucasian. (*Id.*)

Merritt indicates in his Complaint that he is refiling this case as essentially a continuation of a prior case he filed, Civil Action Number 18-2910. (*Id.* at 13.) In Civil Action Number 18-2910, Merritt sued Rimmer, Corsi (same as Defendant Coris), Schnalzer, and Robert Donchez, based on the events of May 20, 2018. In a June 5, 2019 Memorandum and Order, the Court granted the Defendants' motion to dismiss and dismissed the case with prejudice for failure to state a claim. *See Merritt v. Rimmer*, Civ. A. No. 18-2910 (E.D. Pa.) (ECF No. 18). The Court specifically noted that Merritt has previously been given an opportunity to file an amended complaint but failed to do so. *Id.* at 6. Merritt did not appeal. Rather, several months later, he filed the instant lawsuit.

## II.     STANDARD OF REVIEW

The Court will grant Merritt leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies, which among other things, requires a Court to dismiss a complaint that is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Additionally, "[r]es judicata is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)." *Gimenez v. Morgan Stanley DW*,

---

[2] However, as Merritt is a prisoner, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

*Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (per curiam). As Merritt is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Merritt's Complaint is subject to dismissal as legally baseless because it is barred by claim preclusion. The doctrine of *res judicata*, or claim preclusion, bars claims that were brought or could have been brought in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Three elements are required for *res judicata* to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted).

Here, it is apparent Merritt is refiling the same claims against the same parties or their privies based on the same events underlying his claims in Civil Action Number 18-2910, in which Merritt's claims were dismissed with prejudice. Accordingly, Merritt's Complaint is subject to dismissal with prejudice as barred by *res judicata*. *See Shah v. United States*, 540 F. App'x 91, 93 (3d Cir. 2013) (per curiam) ("*Res judicata* does not require the precluded claim to actually have been litigated; its concern, rather, is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim."); *Shockley v. Hosterman*, 279 F. App'x 98, 99 (3d Cir. 2008) (per curiam) ("Shockley's second lawsuit, filed after the court adjudged the first to be frivolous, lacked arguable merit in fact or law because it was barred under the principles of res judicata as announced in *Denton*.").

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Merritt leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice because amendment would be futile. Merritt's

Motions for Appointment of Counsel will be denied.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).  An Order follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**